JOSÉ DEL CARMEN SANTIAGO, Plaintiff and Appellee, v. ANTONIO BERLINGERI, Defendant and Appellant.

No. 4230. Argued March 27, 1928.—Decided July 18, 1928.

*Tous Soto & Zapater* and *Sergio León Lugo* for the appellant. *Eduardo Flores Colón* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

José del Carmen Santiago brought an action against Antonio Berlingeri to recover eight hundred dollars as the value

of sugar cane planted by him on a leased property from which he had been ejected by the defendant, according to a valuation of appraisers designated by the parties and appointed by the marshal.

In his answer the defendant admitted the fact of the ejectment, but explained that he had been put in possession of only a part of the leased property and had brought an action of revendication for the remainder of the property. He admitted that the sugar cane had been valued by the appraisers, but denied that he had taken part in their designation and alleged that the approximate value of the cane growing on the part of the property delivered to him was four hundred and twenty-eight dollars.

He alleged besides as new matter of defense that he leased a property of twenty acres to Juana Ramona Ortiz & Sons who assigned the contract to plaintiff Santiago, the contract containing a condition reading as follows: "The improvements made on the leased property shall remain for the benefit of the lessor at the termination of the contract."

The case went to trial. The evidence is contradictory as to whether or not the whole of the leased property was delivered. It appears from the report of the marshal that the whole of it was delivered. However, the plaintiff in the action of ejectment, now the defendant, made it appear at the foot of that report that the boundaries on the north and east of the property when delivered were not the same as when it was leased and he estimated that several acres of land were wanting. At the trial he introduced evidence on this point.

The evidence is also contradictory as to Berlingeri's having agreed to designate and did designate an appraiser who together with the one designated by Santiago had been appointed by the marshal and had appraised the cane at eight hundred dollars. Berlingeri made it appear at the foot of the report that he disagreed with the appraisal as being excessive and at the trial testified besides that he had not

designated any appraiser and produced two appraisers who valued the cane at four hundred dollars. On the contrary it appears from the report of the marshal that Berlingeri designated appraiser Segundo Mercado who in agreement with the other appraiser designated by Santiago reached the conclusion that the twenty acres contained two hundred tons of cane which at the rate of four dollars the ton gave a total of eight hundred dollars, and having been called as a witness, the marshal corroborated what he had stated in the report.

The district court took the case under consideration and rendered judgment against the defendant. He appealed and has assigned seven errors in his brief. The plaintiff presented no brief and did not appear at the hearing.

The first assignment refers to a certain demurrer on the ground of lack of facts sufficient to state a cause of action pleaded at the beginning of the trial and overruled by the district court. The complaint contains all that is necessary and the defendant answered it without difficulty. The issue was properly joined. The action is simply one of debt originating in growing crops alleged to belong to the plaintiff and appraised at a certain sum at the time of the delivery of the property to the defendant.

It is contended in the second assignment that the court erred in not holding that clause 5 of the lease contract transcribed in the new matter of the answer barred any claim by the plaintiff.

The clause is clear. It was agreed that the improvements made on the leased property should remain for the benefit of the lessor at the termination of the contract, that is, for the benefit of the defendant in this action.

The question is whether the growing crop of sugar cane has or has not the character of an improvement to the leased property. If not, then it is evident, according to the law and the jurisprudence, that it is a product belonging to the lessee which he has the right to gather, or to be paid its value, at the termination of the lease. Sections 1480 and 1481 of the

Civil Code; section 18 of the Unlawful Detainer Act, Comp. 1911, sec. 1642; *Nevares Brothers* v. *District Court,* 36 P.R.R. 323.

In support of the contention that planted sugar cane is an improvement the appellant cites Escriche.

We copy at length from the author cited, as follows:

"IMPROVEMENT. *What has been done to a building or estate to put them in a better condition.*

"I. *There are three kinds of improvements, viz.: necessary, useful and voluntary.* Necessary improvements are those made to the thing to prevent loss or deterioration, as for instance repairs to a building in a ruinous condition, and a levee on a tenement to protect it from a swift stream. *Useful improvements are those which, although they do not serve to preserve the thing, increase however its value and rents like the planting of trees or vines,* the construction of an oven, wine-press, granary, stable, coach-house. *Voluntary improvements,* which more properly might be termed *voluptuary,* are those which neither contribute to the preservation of the thing nor increase its value and rents, but only serve as ornaments, splendor and recreation, as paintings, flower gardens and similar decorations.

"II. The possessor in good or bad faith who may have made *necessary* improvements to the house or land of another is entitled to be compensated therefor; and even though defeated in court by the owner of the house or land, he shall not be compelled to give it up until he receives compensation for such improvements to be discounted from the fruits or rents which he had enjoyed. The possessor in good faith may recover for the useful improvements in the same manner as for the necessary ones; but the possessor in bad faith may take with him the work performed. The possessor in good faith may take and carry with him the work performed by reason of *voluntary* improvements, unless the owner is willing to pay him their value; but the possessor in bad faith loses whatever he did and worked for, without being allowed to take anything with him: laws 41, 42, 43 and 44, tit. 28, Part. 3rd, and law 24, tit. 8, Part. 5th. See Industrial Accession and Lessee, par. IV." 4 Escriche, *Diccionario Razonado de Legislación y Jurisprudencia,* 93.

The citation of the appellant is confined to the italicized part. The author continues extensively with the question of improvements in connection with the inheritance. The refer-

ence to the lessee is very broad. It seems well to transcribe from it the three paragraphs which follow:

"Likewise, if you have planted trees or vines on the property leased by you so that it brings more income than when you took it, you are entitled to be reimbursed for the expenses incurred by reason of such planting.

"If the owner refused to reimburse you for the improvements and you have already paid him the rent so that it is too late to make a discount from it, you may retain the thing leased and continue using it until you are reimbursed, as maintained by several authors on the strength of the spirit of said law 24, tit. 8, Part. 5, and on law 44, tit. 28, Part. 3, where it is so provided regarding the person who improves the property of another in the belief that he owns it.

"However, for the lessee to be entitled to be reimbursed for the improvements, must he have the previous consent of the owner in order to make them? Gregorio López pretends in his first commentary on law 24, tit. 8, Part. 5, that necessary improvements, viz., those indispensable for the preservation or use of the thing leased, may be claimed indiscriminately by the lessee; the useful ones, viz., those which increase the income from the property may be claimed only when they are made with the tacit or express consent of the owner or did not entail any expenses on his part." 1 Escriche, *Diccionario Razonado de Legislación y Jurisprudencia*, 735.

Any planting whatever which increases the value of a property may be considered an improvement within the general meaning of that word, but not within its juridical meaning. The planting of trees and vines involves the idea of permanency and of long duration, which is not to be found in the planting of crops gathered monthly or yearly. A cane plantation may last many years on extraordinarily rich ground, but this is not usually the case. It would be different in the case of permanent improvements made by reason of the planting of the cane; but in the present case we are dealing only with the fruits of the plantation.

Clause 5th of the lease contract in question has, therefore, no decisive influence.

There is no argument in the brief on the third assignment

of error. It is contended in the fourth that the court erred in not finding that the plaintiff-appellee was entitled at most to be reimbursed for the expenses incurred in the planting and cultivation of the crop standing at the termination of the lease, citing section 1476 of the Civil Code that "A lessee shall have, with regard to the useful and necessary improvements, the same rights which are granted a usufructuary."

The argument of the appellant is apparently sound because it connects section 1476 with section 472 of the Civil Code referring to fruits; but the connection should be with sections 487 and 488 which directly refer to improvements in relation to usufruct and not with section 472. This discrimination between fruits and improvements in the chapter of the Code treating of usufruct is another reason that sustains the conclusion reached by us in discussing the second assignment of error.

Where we do find that the appellant is right is in the remaining assignments, that is, those which refer to the amount of compensation and the imposition of costs.

Even attaching the greatest possible value to the report of the marshal in regard to the appraisal made by the appraisers designated by the parties, as appears therefrom, it is going too far to conclude that the defendant is barred from impeaching it.

In the first place, the marshal did not follow the procedure prescribed by the Unlawful Detainer Act. If there was agreement, the parties in interest should have appointed a single appraiser, and if there was disagreement, three appraisers should have been appointed; one by each party and a third by the marshal. The appraisal should be signed by the appraisers, the parties and the marshal. Admitting that the return on the execution of the writ of ejectment introduced in evidence could be considered also as the appraisal to which the law refers, we find that it was not signed by the parties in interest. It is a fact that when defendant Berlingeri was

informed on the following day of its contents he wrote at the foot thereof the note which we have mentioned.

In the second place, the appraisers appointed by the marshal adopted as a basis twenty acres and the evidence that twenty acres were not delivered is so persuasive that if it should be held that the conflict was adjusted deliberately by the court against the defendant, even then we should and would conclude that the court had committed manifest error. We say this because we are convinced from a careful examination of the statement of the case and the opinion rendered by the district judge that the judge did not properly consider this point. It is observed that all of his attention was fixed on the interesting question of law that arose by reason of the scope to be given to the fifth clause of the contract of lease and even then he construed that clause as if the word "lessee" had been written therein instead of the actual word "lessor."

As regards the costs, as there does not appear from the record any temerity on the part of the defendant in defending himself, they should not have been imposed on him.

By virtue of the foregoing the judgment appealed from must be modified so as to adjudge the defendant to pay only four hundred and twenty-eight dollars, each party to pay his own costs, and, as so modified, affirmed.